KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
ETHAN A. BALOGH - #172224
MICHAEL D. CELIO - #197998
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Defendant
DOUGLAS WACHTEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C 04 4088 CW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER RE DOCUMENTS PRODUCED BY ERNST & YOUNG L.L.P.** |
| v. | |
| JEREMY R. LENT, JOHN V. HASHMAN, YINZI CAI, DOUGLAS WACHTEL and BRUCE RIGIONE, | |
| Defendant, | |
| THE LENT FAMILY TRUST, | |
| Relief Defendant. | |

This agreement between Ernst & Young, LLP ("E&Y"), and the defendants in *SEC v. Lent, et al.* U.S.D.C. Case No. C 04 4088 CW, Jeremy Lent, the Lent Family Trust, Yinzi Cai, Bruce Rigione, John Hashman and Douglas Wachtel, (collectively, "Defendants"), is designed to facilitate E&Y's production of documents in this litigation that are not in the public domain and are subject to legal protection as trade secret, confidential, private or proprietary financial information ("Confidential Information").

WHEREAS Defendant Wachtel has subpoenaed certain information from E&Y, and

WHEREAS E&Y has agreed to produce that information subject to Defendants agreeing to a suitable protective order, and

WHEREAS there is no protective order in place in this case, and

WHEREAS E&Y has specifically agreed to make available to Defendants a laptop computer loaded with the software and information relating to NextCard and NextBank, containing the same documents and the relevant software as the one E&Y has previously made available to the United States government,

E&Y and Defendants therefore stipulate and the Court ORDERS as follows:

1. E&Y hereby designates its production of documents (including the laptop computer referred to above) in this litigation as "Confidential Information."

2. Confidential Information shall be disclosed only as provided herein. However, nothing in this Protective Order affects the rights of the Defendants to make any otherwise lawful use or disclosure of information or documents that have been designated Confidential Information in this action but that have been (a) obtained from sources other than E&Y's production pursuant to this Order, or (b) publicly disclosed.

3. Confidential Information may be disclosed only to the following (subject to the provisions of paragraph 4, below):

    **a.** the Court and its staff;

    **b.** the parties to this litigation;

    **c.** court reporters and videographers who record and/or transcribe depositions or other testimony in this action, and their support staff;

      **d.**    experts or independent consultants engaged by counsel to assist in this litigation, and fact witnesses being interviewed by counsel;

      **e.**    Counsel of record, and their respective support staffs as reasonably necessary, all of whom must be made aware of the terms of this Protective Order;

      **f.**    Deposition witnesses;

      **g.**    Jurors

      **h.**    With respect to the laptop computer described above, access shall be limited to the parties (item "b" above"), counsel of record (item "e" above), and expert witnesses (item "d" above.) All persons provided access to the laptop computer at issue in this Stipulated Protective Order ("SPO") will sign a copy of this SPO agreeing to be bound by it, and further agreeing that certain software on the laptop that is used to store, access and organize electronic workpapers contains E&Y trade secrets which cannot be misappropriated or used in any manner other than as set forth in this SPO.

4.  Confidential Information produced by E&Y is to be used only for the purposes of this litigation. This expressly includes (but is not limited to) the use of Confidential Information at trial or in support of any motions (or oppositions, replies etc.) made during this litigation.

5.  Defendants shall not be obligated to challenge the propriety of a designation of materials as Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that Defendants object at any time to the designation of material as Confidential Information, Defendants and E&Y first shall try to resolve the issue promptly and in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. The burden of proof will be as provided by law without regard to the fact that the document is subject to this Protective Order.

6.  This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce it.

7.  Unless otherwise ordered or agreed in writing between the parties to this agreement, within 120 days after the final termination of this action, Defendants shall destroy or return to E&Y all documents produced to them by E&Y. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected

1  Material. Any such archival copies that contain or constitute Protected Material remain subject to
2  this Protective Order.
3       8.      The parties acknowledge that this Stipulated Protective Order creates no
4  entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the
5  procedures that must be followed and reflects the standards that will be applied when a party
6  seeks permission from the court to file material under seal.
7       IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed
8  as of the day and year written below.
9
10 DATED:                                   KEKER & VAN NEST, LLP
11
12
                                           By: _____
13                                            MICHAEL D. CELIO
                                              Attorneys for Defendant
14                                            DOUGLAS WACHTEL
15 DATED:                                   LATHAM & WATKINS
16
17
                                           By: _____
18                                            JAMES LYNCH
                                              Attorneys for Third Party
19                                            ERNST & YOUNG
20 DATED                                    MORRISON & FOERSTER
21
22
23                                         By: _____
                                              MARGARET WU
24                                            Attorneys for Defendant
                                              YINZI CAI
25
26
27
28

4
**STIPULATED [PROPOSED] PROTECTIVE ORDER RE DOCUMENTS PRODUCED BY ERNST & YOUNG L.L.P.**
CASE NO. C 04 4088 CW

353114.01

|  |  |
|---|---|
| DATED | PILLSBURY WINTHROP, LLP |

By: _____
BRUCE A. ERICSON
Attorneys for Defendant
BRUCE RIGIONE

|  |  |
|---|---|
| DATED | DLA PIPER RUDNICK GRAY CARY US LLP |

By: _____
SHIRLI FABBRI WEISS
Attorneys for Defendants
JEREMY LENT & THE LENT FAMILY TRUST

|  |  |
|---|---|
| DATED | COVINGTON & BURLING |

By: _____
DAVID JOLLEY
Attorneys for Defendant
JOHN HASHMAN

PURSUANT TO STIPULATION, IT IS SO ORDERED.

July 14, 2005                    /s/ CLAUDIA WILKEN
                                 _____
                                 HONORABLE CLAUDIA WILKEN
                                 UNITED STATES DISTRICT JUDGE