HELANE L. MORRISON (Cal. Bar No. 127752)
JOHN S. YUN (Cal. Bar No. 112260)
  YunJ@sec.gov
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  MitchellR@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Fax: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY R. LENT, JOHN V. HASHMAN, YINZI CAI, DOUGLAS WACHTEL, and BRUCE RIGIONE,<br><br>Defendants.<br><br>THE LENT FAMILY TRUST,<br><br>Relief Defendant. | CASE NO. C 04 4088 CW (EMC)<br><br>**STIPULATION TO [PROPOSED] AMENDED PROTECTIVE ORDER** |

On March 15, 2005, the Court issued a protective order to facilitate the production of certain documents by plaintiff Securities and Exchange Commission ("Commission") to the defendants in this case. *See* Docket Item 53.

In order to allow for the production of additional documents by the Commission to the defendants, the parties hereby stipulate to, and request that the Court enter, an amended protective order in the form attached as Exhibit A hereto. Upon entry by the Court, this amended protective order shall supersede the March 15, 2005 order.

Dated: November 23, 2005

/s/ *signature*
JOHN S. YUN
ROBERT L. MITCHELL
Attorneys for Plaintiff

Dated: November ___, 2005

_____
SHIRLI FABBRI WEISS
PAUL A. REYNOLDS
DLA PIPER RUDNICK GRAY CARY US LLP
Attorneys for Defendant JEREMY R. LENT and THE LENT FAMILY TRUST

Dated: November ___, 2005

_____
DAVID M. JOLLEY
COVINGTON & BURLING
Attorney for Defendant JOHN HASHMAN

Dated: November ___, 2005

_____
JORDAN ETH
MARGARET L. WU
MORRISON & FOERSTER LLP
Attorney for Defendant YINZI CAI

-1-

On March 15, 2005, the Court issued a protective order to facilitate the production of certain documents by plaintiff Securities and Exchange Commission ("Commission") to the defendants in this case. *See* Docket Item 53.

In order to allow for the production of additional documents by the Commission to the defendants, the parties hereby stipulate to, and request that the Court enter, an amended protective order in the form attached as Exhibit A hereto. Upon entry by the Court, this amended protective order shall supersede the March 15, 2005 order.

Dated: November ___, 2005

_____
JOHN S. YUN
ROBERT L. MITCHELL
Attorneys for Plaintiff

Dated: November 21, 2005

_____
SHIRLI FABBRI WEISS
PAUL A. REYNOLDS
DLA PIPER RUDNICK GRAY CARY US LLP
Attorneys for Defendant JEREMY R. LENT and THE LENT FAMILY TRUST

Dated: November ___, 2005

_____
DAVID M. JOLLEY
COVINGTON & BURLING
Attorney for Defendant JOHN HASHMAN

Dated: November ___, 2005

_____
JORDAN ETH
MARGARET L. WU
MORRISON & FOERSTER LLP
Attorney for Defendant YINZI CAI

On March 15, 2005, the Court issued a protective order to facilitate the production of certain documents by plaintiff Securities and Exchange Commission ("Commission") to the defendants in this case. *See* Docket Item 53.

In order to allow for the production of additional documents by the Commission to the defendants, the parties hereby stipulate to, and request that the Court enter, an amended protective order in the form attached as Exhibit A hereto. Upon entry by the Court, this amended protective order shall supersede the March 15, 2005 order.

Dated: November ___, 2005

_____
JOHN S. YUN
ROBERT L. MITCHELL
Attorneys for Plaintiff

Dated: November ___, 2005

_____
SHIRLI FABBRI WEISS
PAUL A. REYNOLDS
DLA PIPER RUDNICK GRAY CARY US LLP
Attorneys for Defendant JEREMY R. LENT and THE LENT FAMILY TRUST

Dated: November 22, 2005

_____
DAVID M. JOLLEY
COVINGTON & BURLING
Attorney for Defendant JOHN HASHMAN

Dated: November ___, 2005

_____
JORDAN ETH
MARGARET L. WU
MORRISON & FOERSTER LLP
Attorney for Defendant YINZI CAI

1  On March 15, 2005, the Court issued a protective order to facilitate the production of
2  certain documents by plaintiff Securities and Exchange Commission ("Commission") to the
3  defendants in this case. *See* Docket Item 53.
4  In order to allow for the production of additional documents by the Commission to the
5  defendants, the parties hereby stipulate to, and request that the Court enter, an amended
6  protective order in the form attached as Exhibit A hereto. Upon entry by the Court, this amended
7  protective order shall supersede the March 15, 2005 order.

Dated: November ___, 2005

                                  JOHN S. YUN
                                  ROBERT L. MITCHELL
                                  Attorneys for Plaintiff

Dated: November ___, 2005

                                  SHIRLI FABBRI WEISS
                                  PAUL A. REYNOLDS
                                  DLA PIPER RUDNICK GRAY CARY US LLP
                                  Attorneys for Defendant JEREMY R. LENT and THE LENT
                                  FAMILY TRUST

Dated: November ___, 2005

                                  DAVID M. JOLLEY
                                  COVINGTON & BURLING
                                  Attorney for Defendant JOHN HASHMAN

Dated: November 22, 2005         */s/ Margaret L. Wu*

                                  JORDAN ETH
                                  MARGARET L. WU
                                  MORRISON & FOERSTER LLP
                                  Attorney for Defendant YINZI CAI

```
Dated: November 22, 2005          /s/ Bruce A. Ericson
                                  ─────────────────────────
                                  BRUCE A. ERICSON
                                  JACOB R. SORENSON
                                  RANAH L. ESMAILI
                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                                  Attorney for Defendant BRUCE RIGIONE


Dated: November ___, 2005         ─────────────────────────
                                  STUART L. GASNER
                                  MICHAEL D. CELIO
                                  KLAUS HAMM
                                  KEKER & VAN NEST, LLP
                                  Attorney for Defendant DOUGLAS WACTHEL
```

Dated: November ___, 2005

BRUCE A. ERICSON
JACOB R. SORENSON
RANAH L. ESMAILI
PILLSBURY WINTHROP SHAW PITTMAN LLP
Attorney for Defendant BRUCE RIGIONE

Dated: November 22, 2005

*/s/*

STUART L. GASNER
MICHAEL D. CELIO
KLAUS HAMM
KEKER & VAN NEST, LLP
Attorney for Defendant DOUGLAS WACTHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY R. LENT, JOHN V. HASHMAN, YINZI CAI, DOUGLAS WACHTEL, and BRUCE RIGIONE,<br><br>　　　　Defendants.<br><br>THE LENT FAMILY TRUST,<br><br>　　　　Relief Defendant. | CASE NO. C 04 4088 CW (EMC)<br><br>[PROPOSED] FIRST AMENDED PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS |

EXHIBIT A

1     Whereas Defendants desire access to certain Office of the Comptroller of the Currency ("OCC") records now in the possession of Plaintiff Securities and Exchange Commission ("SEC");

4     Whereas the OCC contends that such records are confidential and privileged, pursuant to 12 U.S.C. 481; 5 U.S.C. 552(b); 18 U.S.C. 641, 1906; 12 CFR 4.12 and Part 4, Subpart C;

6     Whereas, as of this time the Court has not ruled on any claim of confidentiality or privilege regarding such OCC records; and

8     Whereas, following consideration by the OCC, the OCC has determined that the particular circumstances of the captioned action warrant making possibly relevant records available to the parties in this action, provided that appropriate protection of their confidentiality can be secured:

11     Now, Therefore It Is Ordered That:

12     1.    The records, as denoted in Appendix A to this Protective Order, shall be provided to the Defendants within five (5) days of the entry of this Order by the Court. The records shall be disclosed only to the parties to this action, their counsel, the Court and jury.

15     2.    The parties to this action and their counsel shall keep such records and any information contained in such records confidential and shall in no way divulge the same to any person or entity, except to such experts, consultants and non-party witnesses to whom the report and its contents shall be disclosed, solely for the purpose of properly preparing for and trying this action.

20     3.    No person to whom the records covered by this Order are disclosed shall make any copies or otherwise use such records or the contents thereof for any purpose whatsoever, except in connection with this action.

23     4.    Any party or other person who wishes to use the records or their contents in any other action shall make an application to the OCC pursuant to 12 CFR Part 4, Subpart C.

25     5.    Should the records covered by this Order be filed with the court or utilized as an exhibit at a deposition in the captioned action, or should information or records or their contents covered by this order be disclosed in the transcripts of depositions or the trial in the captioned action, such record, exhibits and transcripts shall be filed in sealed envelopes or other sealed

containers marked with the title of this action, identifying each document and article therein and bearing a statement substantially in the following form:

CONFIDENTIAL

Pursuant to the Order of the Court dated _____ 2005 this envelope containing the above-identified papers filed by (the name of the party) is not to be opened nor the contents thereof displayed or revealed except to the parties to this action or their counsel or by further Order of the Court.

6. FOR JURY TRIAL: Any party offering any of the records into evidence shall offer only those pages, or portions thereof, that are relevant and material to the issues to be decided in the action and shall block out any portion of any page that contains information not relevant or material. Furthermore, the name of any person or entity contained on any page of the records who is not a party to this action, or whose name is not otherwise relevant or material to the action, shall be blocked out prior to the admission of such page into evidence. Any disagreement regarding what portion of any page that should be blocked out in this matter shall be resolved by the Court *in camera*, and the Court shall decide its admissibility into evidence.

7. At the conclusion of this action, all parties shall certify to the OCC that the records covered by this Order have been destroyed or returned to the SEC. Furthermore, counsel for the SEC pursuant to 12 CFR 4.39(c), shall retrieve any records covered by this Order that may have been filed with the Court.

8. Neither the disclosure of documents pursuant to this protective order or any subsequent testimony regarding such documents shall be deemed to be a waiver of any privilege of confidentiality or other privilege held by the OCC or any other government agency with respect to such documents.

-2-

[PROPOSED] FIRST AMENDED PROTECTIVE ORDER
RE CONFIDENTIALITY OF DOCUMENTS
CASE NO. C 04-4088 CW

9. Upon stipulation by the parties and the OCC, Appendix A to this Order may be supplemented to provide for the release of additional OCC documents in the possession of the SEC. The SEC shall produce all documents covered by any such stipulation within five (5) days of the filing of that stipulation with the Court.

10. This First Amended Protective Order shall supersede the prior protective order in this case, dated March 15, 2005 (Docket Item 53).

IT IS SO ORDERED:

November 28, 2005
Date

Hon. Edward Chen
United States District Judge



-3-

[PROPOSED] FIRST AMENDED PROTECTIVE ORDER
RE CONFIDENTIALITY OF DOCUMENTS
CASE NO. C 04-4088 CW

## APPENDIX A TO PROTECTIVE ORDER

Documents to be covered by protective order:

1. Bates Numbers NB_FDIC_EX 00001 -- 03239.

2. Bates Numbers FDIC_NB_RL 00001 -- 01628, 01640 -- 06539, 06546 -- 07089 and 07096 -- 08674.