UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JEREMY R. LENT, *et al.*,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C-04-4088 CW (EMC)<br><br>**ORDER PROVISIONALLY GRANTING DEFENDANTS' REQUEST TO FILE DECLARATIONS UNDER SEAL**<br><br>**(Docket Nos. 128, 134)** |

　　　　Defendants Bruce Rigione and Jeremy Lent each have filed a request that certain documents in support of Lent's Motion to Compel the Office of the Comptroller of the Currency (the "OCC") to Produce Subpoenaed Documents (docket no. 101) be filed under seal.

　　　　Civil Local Rule 79-5(a) provides that

> [n]o document shall be filed under seal, i.e., closed to inspection by the public, except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof.  A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as 'sealable.']  The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).  A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.  Ordinarily, more than one copy of a particular document should not be submitted for filing under seal in a case.

Civil L.R. 79-5(a).

1    Upon hearing oral argument of counsel on the motion to compel, the Court granted leave to
2 file supplemental documentation in support of that motion.  Defendants Rigione, Lent and Wachtel
3 filed declarations relating to the OCC's examination of NextBank and certain statements made by
4 OCC examiners.  Based on the Court's review of the documents at issue, the Court finds that the
5 declarations of Rigione, Lent and Wachtel contain information relating to an issue that is currently
6 under submission, namely, whether the OCC's communications with Defendants are subject to the
7 bank examination privilege.  Because there is a colorable claim of privilege attached to these
8 documents, the Court provisionally grants Defendants' request to seal the Rigione and Lent
9 Declarations, and *sua sponte* holds that the Wachtel Declaration shall also be filed provisionally
10 under seal, pending the Court's ruling on the motion to compel.

11   Nonparties Richard Goebel and Daniel Springer have filed an opposition to Defendants'
12 applications to file the documents under seal (docket no. 137).  Goebel and Springer are not parties
13 to the instant case, but are plaintiffs in a class action shareholder suit in this District and in suits in
14 the U.S. Bankruptcy Court for the District of Delaware against several of the defendants.  (Opp'n at
15 1; Highman Decl., ¶ 1.)  Goebel and Springer contend that they have a strong interest in seeing
16 documents relating to communications between NextCard and the OCC in order to prove their case
17 (Highman Decl., ¶¶ 4-6), but offer no basis for standing to oppose Defendants' applications to seal
18 in the instant case.  *Cf. Seattle Times Co. v. U.S. District Court*, 845 F.2d 1513, 1515 (9th Cir. 1988)
19 (recognizing standing of newspaper organization to raise First Amendment challenge to sealing of
20 court records).  Furthermore, the appropriate course of action for these nonparties to obtain
21 documents would be to pursue discovery in their own litigation.

22   Accordingly, the Court hereby provisionally GRANTS the requests to file under seal and
23 orders that (1) the Rigione Declaration as Proffer in Support of Defendant Jeremy Lent's Motion to
24 Compel, and Exhibits A-G thereto; and (2) the Lent Declaration in Support of the Motion to Compel
25 Production of OCC Documents, and Exhibit 1 thereto, be filed under seal.

26   The Court further ORDERS that the Declaration of Defendant Douglas Wachtel in Support
27 of Defendant Jeremy Lent's Motion to Compel the OCC to Produce Subpoenaed Documents (docket
28

1  no. 133) be withdrawn from the public file and filed under seal, pending the Court's decision on the
2  motion to compel.
3      This order disposes of Docket Nos. 128, 134.
4      IT IS SO ORDERED.

6  Dated: January 4, 2006

                                                  EDWARD M. CHEN
                                                  United States Magistrate Judge

**United States District Court**
For the Northern District of California